## DALLAS RAILWAY & TERMINAL CO. v. HARRIS et ux.
### No. 11602.

Court of Civil Appeals of Texas. Dallas.
March 23, 1935.

Rehearing Denied April 20, 1935.

Worsham, Rollins, Burford, Ryburn & Hincks and Allen Charlton, all of Dallas, for appellant.

Helen M. Viglini, of Dallas, for appellees.

BOND, Justice. .

Alfred Harris and wife, Georgia Harris, instituted this suit based on alleged negligence of the defendant, Dallas Railway & Terminal Company, while Georgia Harris was a passenger on one of its street cars. It was alleged the defendant, its agents, and servants were negligent in slowing down the street car at a street intersection, causing it to suddenly lurch or jerk and move forward without warning or proper lookout, causing her to be thrown violently to the floor from which she sustained serious and permanent injury.

Upon the trial of the cause, the jury found that the defendant was guilty of negligence in respect as alleged, proximately causing the injuries sustained, and assessed the damage at $1,000. The jury further found that the injured plaintiff was not guilty of contributory negligence, as alleged by the defendant, in not retaining her seat in the car to await the street car coming to a full stop and in not holding to the provided handholds in the car to prevent her falling. The court rendered judgment for the amount of the damage, from which the defendant appealed.

The appellant challenges the findings of the jury that the appellee Georgia Harris did not fail to hold firmly to a handhold on the street car in walking towards the rear door while the street car was in motion, based on the idea that such finding was against the preponderance of the evidence and without regard to the evidence.

The court submitted to the jury this theory of the defense (issue 14), so that the negative answer to the question obviated the necessity to answer the collateral questions (issues 15 and 16) as to the issue of negligence, and the proximate result thereof in failing to hold to the provided handholds.

On this issue, the evidence is undisputed that the street car was provided with handholds or strap hangers extending from the top and the full length of the car; also, handholds on the corner of the back of each seat and perpendicular rod supports at the entrance of the car, near its vestibule, thus affording passengers support in going onto and off the street car. The handhold on the last seat in the car and the perpendicular rod supports, were situated about three feet apart, and in order for a passenger to go into the vestibule, releasing the hold on the last seat, and to catch hold of the rod supports, he would have to make about one step forward. Appellee, Georgia Harris, testified, in substance, that she was a passenger on defendant's street car, and as it approached an intersecting street she signaled for the car to stop, pressed the button, and when it began to slow down she got up, held onto the back of the rear seat, and while thus standing, the car moving slightly, coming practically to a stop, barely discernible that it was moving, she turned loose of the seat, started toward the vestibule, and, as she was attempting to step down into the vestibule, the car gave a lurch or sudden jerk, moved forward, and threw her to the floor, causing her injury. She further testified that she had a purse in her right hand, and that, at the time the car gave the jerk, she was unable to say whether she had hold of anything with her left hand.

The defendant filed no exception to the manner in which this contributory defense was presented to the jury; therefore, it must be assumed that defendant accepted the issues as framed, thus waiving the issue of negligence and the proximate result thereof, if and when the jury should find that the appellee did hold to something as she walked toward the rear door. It must be observed that there is no evidence that she did not hold to the provided rod supports or

hanger straps at the entrance of the car near the vestibule. The burden was not on the appellees to prove that the injured party did hold onto something as she walked to the rear of the door, if, in fact, the evidence does show she did walk; clearly, the issue was a defensive matter, thus devolving upon the appellant to prove that she did not hold to the handholds. So, if it could be said that the finding of the jury on the issue submitted was without evidence to support the issue, appellant failed to discharge the burden placed upon it by law.

██ However, we think reasonable minds could hardly disagree from the facts and circumstances in this case, that the appellee did hold to the provided handhold on the back of the seat as she made a step forward attempting to go out onto the vestibule, and that she only released her hold when the car had practically stopped. It is a general rule, applicable to trials by jury, that if there is any substantial evidence which reasonably tends to support the affirmative or negative of an issue of fact, the determination of that issue must be left to the jury. Under the state of the record, we cannot say that the finding of the jury on the issue finds no support in the record.

Appellant further questions the verdict and judgment as being without competent supporting evidence, in that the pleadings are insufficient to permit consideration by the jury with reference to appellees' testimony that she suffered nausea soon after the accident, widening of sutures in her skull, internal bleeding from her eliminative organs, and torn cartilage in her leg.

The petition of appellee is very prolix as to the extent of the injuries, and manifestly calculated to allow evidence of injuries to her entire body, and certainly all developing symptoms of such injuries. The petition presents that: " * * * By reason of said conduct and acts of defendant, its agent and employe thrown with great force and violence on to and against the floor and other parts of said car, striking, bruising and injuring her head, striking, bruising, shocking and injuring her spine and the muscles, ligaments, tissues, arteries and nerves of her back and the small of her back; striking, shocking, bruising and injuring her knees and her kneecaps and each of them; striking, shocking, bruising and injuring the internal parts of her right ear; striking and shocking and bruising and injuring her body and limbs, straining and shocking her blood vessels and her whole nervous system and all her vital parts, including her lungs, heart, kidneys, liver, stomach, bowels and all her digestive and eliminative organs and womb and generative organs and their attachments. That on the occasion in question the said Georgia Harris was carrying a small purse or hand bag, having a metal frame; that when she was thrown to the floor of said car and said vestibule as aforesaid, the metal frame of said hand bag or purse struck her in the upper part of her stomach and right floating rib, shocking, bruising and injuring her said rib and spraining, shocking and bruising the muscles, ligaments, nerves, skin and flesh of her stomach and causing her stomach to be sore and painful."

█ We are of the opinion that the quoted portion of appellees' petition is sufficient to admit proof of all symptoms supporting the alleged injuries. Nausea may be the evidence of injury to the nerves, shock to the body, injury to the stomach; internal bleeding, evidence of strained blood vessels, bruising of the stomach, injury to the womb and generative organs and their attachments; widening of the sutures of the skull, evidence of head injury; and torn ligaments of the legs, evidence of injury to body ligaments, knee and kneecaps. These are merely symptoms or evidence of a cause such as the law and the rule of evidence permit to be introduced on showing of injuries calculated to produce such symptoms. Tested by all of the authorities of the state, we think the petition is sufficient to apprise the appellant of the facts upon which such proof would be offered. Taking appellees' petition as a whole, having alleged internal injuries to the body, including her lungs, heart, kidneys, stomach, bowels, and all her digestive and eliminative organs; her womb and generative organs and their attachments; injuries to her head, nerves and limbs, knees and kneecaps, leave, we think, no room for surprise in offering proof of the related symptoms of such injuries. This assignment is overruled.

Appellant further contends that the court erred in overruling its exception to the charge of the court in submitting to the jury as elements of damage "future medical service and doctor bills" on the ground that there is no evidence on which the jury could consider such elements of damage.

On the submission of the issue as to the amount of money that will reasonably and fairly compensate the appellees for the damages they sustained, the court embodied, among other things, the element of the amount "For doctors and medical services in

the past, if there has been any in the past, and in the future, if you find there will be any in the future, directly and proximately resulting from the injuries, if any, sustained by Georgia Harris." The court further charged the jury, among other special instructions, as follows: "You are further instructed that while you are deliberating upon your verdict, you will not mention, refer to, nor take into consideration, by mental reservation or otherwise, any matter, fact or circumstance other than the testimony that has been produced upon the witness stand, and the law as given you in the charge of the court, all of which I instruct you, you must strictly observe and obey."

It must be conceded that there is not sufficient evidence in the record to support the elements of damage as to "doctors and medical service in the future" to enable the jury to form an intelligent judgment as to the amount of such services; no data was furnished for the jury to take into consideration the future doctors and medical bills in arriving at the amount of appellees' damage on account thereof. However, the evidence does show that the appellee suffered severe and permanent injury to her knee, kneecap; that she was totally disabled to follow her occupation as a teacher for about five months and, at the time of the trial, was still unable to do all her housework on account of her injuries; that she is nervous and troubled with her right ear, unable to sleep without an opiate, and that she suffers with backache. Dr. Henderson testified: "I feel that while we have done all we can do and did all we could * * * there was danger of permanent injury, as I still find there is permanent injury. * * * I recommended that she see a specialist to look after the condition of the ear as well as the condition of the spine for fear there was some points that somebody else could look after, things that I didn't know how to do. * * *" The evidence further shows that on account of the several serious painful and probably permanent injuries to Georgia Harris, appellees had incurred medical and doctor bills prior to the trial aggregating $114, and that the injured appellee has lost, in salary as a teacher, the sum of $195, leaving of the $1,000 damages, found by the jury, the sum of $691, for all her injuries and results thereof. We hardly think the amount awarded is large enough to warrant the assumption that the jury included therein any amount for "medical and doctors services for the future," as there was no data furnished for them to form a conclusion of the amount of such service. Especially do we think that the jury did not reflect such items in the verdict, in view of the court's instruction that they shall "not take into consideration, by mental reservation or otherwise, any matter, fact or circumstance other than the testimony that has been produced upon the witness stand." We, therefore, must assume that the jury followed the instructions of the court and found in accordance therewith. As revealed by the record, we do not feel warranted in holding that the evidence as a whole is not sufficient to sustain the verdict of the jury or that the jury considered any testimony or circumstance not borne out by the record.

Therefore, we conclude that all of appellant's assignments should be overruled, and that the judgment of the lower court should be affirmed; it is so ordered.

Affirmed.